### 43563. SEAVIEW DEVELOPMENT COMPANY, INC. v. GALANTI.

ARGUED APRIL 1, 1968—DECIDED SEPTEMBER 24, 1968.

*Richardson, Doremus & Karsman, Stanley Karsman,* for appellant.

*Anestos, Smith & Cook, Barnard M. Portman,* for appellee.

EBERHARDT, Judge. The motion for summary judgment was

properly denied. While it is contended that plaintiff either slipped or fell into the glass door as he attempted to open it, and that this state of facts establishes that plaintiff's own negligence solely and proximately caused his own injuries, the evidence is uncertain and inconclusive as to whether the plaintiff simply stumbled into the glass, or whether his hand slipped from the handle because of a defect in the door, or whether the physical circumstances were such that the door could not be safely opened, or whether the glass shattered for some reason not attributable to plaintiff.

Plaintiff testified that shortly before the occurrence he tried to enter the room from the outside but was unable to get the door to slide, whereupon Mr. Jerald, the manager, was able to get the door open with the use of a screwdriver. The door was not opened again until plaintiff attempted to go out of the room. Mr. Jerald, however, stated in his affidavit that there had been no difficulty in operating the sliding glass door either before or after the incident. Jerome Portman stated in his affidavit that he went to the motel room after the occurrence to get plaintiff's personal effects, and that he observed the badly shattered door "and noticed how it was hard to get to the opening mechanism. I tried to slide the door and it moved only with some difficulty." The affidavit of the architect stated that a glass door of more than six square feet which was not equipped with a screen or push bar would not meet current safety standards. It appears that the door was more than twelve square feet, measuring 34″ x 76″, and that there was no screen or push bar but only a small handle which may have been difficult to reach because of the proximity of a sofa.

From the above there clearly remains a genuine issue of material fact (*Code Ann.* § 81A-156 (c)) as to whose negligence, if any, proximately caused the injuries complained of, and the judgment must be

*Affirmed. Felton, C. J., and Whitman, J., concur.*